# *Exhibit A*

NYSCEF
Kings County Supreme Court

**Document List**
**Index # 530659/2026**

Created on:09/08/2026 09:10 AM

Case Caption: **Eva Coleman v. EQUIFAX INFORMATION SERVICES LLC**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS | Processed | 08/14/2026 | Elo, E. |
| 2 | COMPLAINT<br>Verified Complaint; Jury Demand | Processed | 08/14/2026 | Elo, E. |
| 3 | CONSENT TO EFILING<br>NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING | Processed | 08/14/2026 | Elo, E. |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service - Summons, Verified Complaint with Jury Demand, and Notice of Commencement of | Processed | 08/18/2026 | Elo, E. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES LLC,
Defendant.
-------------------------------------------------------------------X

Index No.: ______________/2026

**SUMMONS**

Date Index No. Purchased:

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Plaintiff designates Kings County as the place of trial.

The basis of the venue designated is Plaintiff's residence pursuant to CPLR 503(a); Plaintiff resides in Brooklyn, New York 11230, County of Kings, State of New York.

Defendant's address: Equifax Information Services LLC, c/o Corporation Service Company, 80 State Street, Albany, New York 12207, with service of process available upon the New York Secretary of State pursuant to Limited Liability Company Law § 304.

Dated: New York, New York
August 14, 202

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

TO: EQUIFAX INFORMATION SERVICES LLC

c/o Corporation Service Company (NY Registered Agent)
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES LLC,

Defendant.
--------------------------------------------------------------------X

Index No.: _____________/2026

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff EVA COLEMAN a/k/a EVA FEDER ("Plaintiff"), by her attorney, Elliot M. Elo, Esq. of THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC, as and for her verified complaint against Defendant EQUIFAX INFORMATION SERVICES LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought by an individual consumer against a consumer reporting agency for willful and negligent violations of section 607(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b).

2. Defendant prepares and sells consumer reports concerning Plaintiff that report recurring monthly ninety day delinquencies through April 2026 on two credit card accounts that were closed and charged off years earlier, that report a credit utilization of 115 percent on a closed, charged off account, that omit the payment status of derogatory accounts, and that falsely identify a debt buyer as the "Original Lender" of a collection account.

3. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in the consumer reports it prepared, in violation of 15 U.S.C. § 1681e(b).

4. This action does not assert any claim under 15 U.S.C. § 1681g or 15 U.S.C. § 1681i, and no allegation herein should be construed as such a claim.

## PARTIES

5. Plaintiff EVA COLEMAN a/k/a EVA FEDER is a natural person who resides in Brooklyn, New York 11230, in the County of Kings, State of New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) because she is an individual.

7. Defendant EQUIFAX INFORMATION SERVICES LLC is a Georgia limited liability company.

8. Defendant is authorized to do business in the State of New York, where it is registered with the New York Department of State under DOS ID 2647337 and has been registered continuously since June 6, 2001.

9. Defendant's registered agent in New York, and the address to which the Secretary of State mails process served upon the Secretary of State, is Corporation Service Company, 80 State Street, Albany, New York 12207.

10. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) because, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

11. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

12. The written, oral, or other communications of credit information concerning Plaintiff that Defendant prepares and furnishes to third parties are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action because state courts have concurrent jurisdiction over claims arising under the FCRA pursuant to 15 U.S.C. § 1681p.

14. This Court has general personal jurisdiction over Defendant pursuant to CPLR 301 because Defendant is registered to do business in New York and maintains a continuous and systematic course of business in New York.

15. This Court also has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(1) because Defendant transacts business within New York, including by assembling and selling consumer reports concerning New York consumers such as Plaintiff, and Plaintiff's claims arise from those transactions.

16. Venue is proper in Kings County pursuant to CPLR 503(a) because Plaintiff resides in Kings County.

17. This action was commenced within two years after the date of Plaintiff's discovery of the violations alleged herein and within five years after the date on which the violations occurred, and is therefore timely under 15 U.S.C. § 1681p.

## STATUTORY FRAMEWORK

18. Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. Information in a consumer report is inaccurate under 15 U.S.C. § 1681e(b) not only when it is patently false, but also when it is materially misleading, that is, when it is presented in a manner that creates a materially misleading impression on a user of the report, *see Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269-70 (2d Cir. 2023) (accuracy under the FCRA requires that reported information be correct and not materially misleading).

20. The reasonableness of a consumer reporting agency's procedures under 15 U.S.C. § 1681e(b) is measured against what a reasonably prudent consumer reporting agency would do in light of the information available to it, including industry reporting standards and internal inconsistencies apparent on the face of the data itself.

21. The Metro 2 Format, promulgated by the Consumer Data Industry Association ("CDIA"), of which Defendant is a member, is the industry standard governing how furnishers report account information to consumer reporting agencies, including the fields for account status, payment rating, payment history profile, current balance, credit limit, and the identification of the original creditor for collection accounts.

## FACTUAL ALLEGATIONS

22. At all relevant times, Defendant has assembled, maintained, and sold consumer report information concerning Plaintiff.

23. On June 4, 2026, Defendant prepared a consumer report concerning Plaintiff that was furnished through the myFICO service of Fair Isaac Corporation, and the contents of that report reflect the information concerning Plaintiff that Defendant assembled and reported as of that date (the "June 2026 Equifax Report").

24. A true and correct copy of the June 2026 Equifax Report is attached hereto as Exhibit A and is incorporated herein by reference.

## THE JPMCB CARD SERVICES TRADELINE

25. The June 2026 Equifax Report contains a tradeline styled Jpmcb Card Services with an Open Date of August 2020 and a Last Activity date of January 2022 (the "JPMCB Tradeline").

26. Defendant reports the worst delinquency on the JPMCB Tradeline as "Bad debt/collection" and reports charge off events on the account.

27. The JPMCB account was closed and charged off, and Plaintiff made no payment activity on the account after January 2022, as Defendant's own reporting of the January 2022 Last Activity date reflects.

28. Notwithstanding the closed, charged off status of the account and the absence of any activity after January 2022, Defendant reported the JPMCB Tradeline as "90 days late" for each and every month from May 2024 through April 2026, specifically 04/2026, 03/2026, 02/2026, 01/2026, 12/2025, 11/2025, 10/2025, 09/2025, 08/2025, 07/2025, 06/2025, 05/2025, 04/2025, 03/2025, 02/2025, 01/2025, 12/2024, 11/2024, 10/2024, 09/2024, 08/2024, 07/2024, 06/2024, and 05/2024.

29. Reporting a fresh ninety day delinquency in each of twenty-four consecutive recent months on a closed account that was charged off years earlier is false, because a closed, charged off account does not become newly ninety days delinquent each month.

30. Reporting a fresh ninety day delinquency in each of twenty-four consecutive recent months is also materially misleading, because it creates the impression on a user of the report that Plaintiff is actively and currently failing to pay an ongoing obligation, rather than that the account reached a terminal charge off status no later than 2022.

31. Defendant simultaneously reported the thirty day late and sixty day late fields of the JPMCB Tradeline as empty, an internal inconsistency apparent on the face of the tradeline, because

an account cannot accrue twenty-four consecutive ninety day delinquencies without ever passing through a thirty or sixty day delinquency.

32. Defendant reported the Payment Status field of the JPMCB Tradeline as blank, omitting the very field that tells a user the current status of the account.

33. Defendant reported the JPMCB Tradeline with a Balance of $5,842 against a Credit Limit of $5,100 and displayed a Credit Utilization of 115 percent, presenting a closed, charged off account as an active revolving account that is over limit, which is materially misleading as to both the status of the account and Plaintiff's current revolving utilization.

**THE DISCOVER CARD TRADELINE**

34. The June 2026 Equifax Report contains a tradeline styled Discover Card with an Open Date of September 2014 and a Last Activity date of December 2021 (the "Discover Tradeline").

35. Defendant reports the Discover Tradeline with the comments "Charged off account" and "Account closed by credit grantor".

36. The Discover account was closed and charged off, and Plaintiff made no payment activity on the account after December 2021, as Defendant's own reporting of the December 2021 Last Activity date reflects.

37. Notwithstanding the closed, charged off status of the account and the absence of any activity after December 2021, Defendant reported the Discover Tradeline as "90 days late" for each and every month from May 2024 through April 2026, specifically 04/2026, 03/2026, 02/2026, 01/2026, 12/2025, 11/2025, 10/2025, 09/2025, 08/2025, 07/2025, 06/2025, 05/2025, 04/2025, 03/2025, 02/2025, 01/2025, 12/2024, 11/2024, 10/2024, 09/2024, 08/2024, 07/2024, 06/2024, and 05/2024.

38. Reporting a fresh ninety day delinquency in each of twenty-four consecutive recent months on the closed, charged off Discover account is false and materially misleading for the same reasons alleged with respect to the JPMCB Tradeline.

39. Defendant simultaneously reported the thirty day late and sixty day late fields of the Discover Tradeline as empty, the same internal inconsistency apparent on the face of the tradeline.

40. Defendant reported the Payment Status field of the Discover Tradeline as blank, omitting the field that tells a user the current status of the account.

41. The false pattern of recent recurring ninety day delinquencies on the Discover Tradeline and the JPMCB Tradeline has the effect of re-aging Plaintiff's derogatory history, presenting delinquencies whose true origin dates are in 2021 and 2022 as fresh delinquencies occurring within the most recent twenty-four months, the period that users of consumer reports weigh most heavily.

**THE SPRING OAKS CAPITAL COLLECTION TRADELINE**

42. The June 2026 Equifax Report contains a collection tradeline styled Spring Oaks Capital with an account number displayed as XXXXX2840, a Date Assigned of July 19, 2022, an Original Balance of $16,490, and a Current Balance of $16,490 (the "Spring Oaks Collection Tradeline").

43. Defendant reports the "Original Lender" of the Spring Oaks Collection Tradeline as "Spring Oaks Capital".

44. Spring Oaks Capital, LLC is a debt buyer that acquires defaulted consumer debts for collection; it is not a lender and it did not originate any credit extended to Plaintiff.

45. The original creditor of the underlying obligation is First National Bank of Omaha, not Spring Oaks Capital.

46. Defendant's identification of the debt buyer Spring Oaks Capital as the Original Lender of the account is false.

47. Defendant's identification of the debt buyer as the Original Lender is also materially misleading, because it conceals from any user of the report the true origin of the obligation and prevents the user, and Plaintiff, from connecting the collection account to the original credit relationship.

48. Defendant reported the Agency Name field and the Status field of the Spring Oaks Collection Tradeline as blank, omitting material fields concerning the collection account.

49. Defendant's own reporting of the Spring Oaks Collection Tradeline includes the comment "Consumer disputes this account information", establishing that Plaintiff disputed this tradeline and that Defendant had actual notice that its accuracy was contested, yet Defendant continued to report it in the form described above.

## **DEFENDANT PREPARED AND FURNISHED CONSUMER REPORTS CONTAINING THE INACCURATE INFORMATION**

50. Defendant prepared the June 2026 Equifax Report containing each of the inaccuracies alleged above.

51. Upon information and belief, the inaccuracies alleged above have been present in Defendant's reporting concerning Plaintiff throughout the period from at least May 2024 through the present, as demonstrated by the month by month delinquency reporting spanning that entire period.

52. Upon information and belief, during that period Defendant prepared and furnished consumer reports concerning Plaintiff to one or more third parties, including in connection with

account review and prescreening activity by Defendant's subscribers, and each such report communicated the inaccurate information alleged above.

53. Each consumer report concerning Plaintiff that Defendant prepared containing the inaccurate information alleged above was prepared without reasonable procedures to assure maximum possible accuracy.

**DEFENDANT'S PROCEDURES WERE NOT REASONABLE**

54. Each inaccuracy alleged above was apparent on the face of Defendant's own data: recurring monthly ninety day delinquencies on accounts whose own Last Activity dates preceded the delinquencies by more than two years; ninety day delinquencies unaccompanied by any thirty or sixty day delinquency; a 115 percent utilization on a closed, charged off account; blank Payment Status fields on derogatory accounts; and a collection account whose "Original Lender" is the collection agency itself.

55. A reasonably prudent consumer reporting agency employs logical consistency checks that detect and prevent facially contradictory reporting of this kind before publishing it in consumer reports.

56. Defendant is a member of the CDIA and knows the Metro 2 Format requirements governing the payment history profile, the account status of charged off accounts, and the mandatory identification of the original creditor for collection accounts furnished by debt buyers.

57. Defendant continued to report the Spring Oaks Collection Tradeline in the same form after Plaintiff's dispute placed Defendant on specific notice that its accuracy was contested.

58. In May 2015, Defendant, together with the other nationwide consumer reporting agencies, entered into an Assurance of Voluntary Compliance with the Attorneys General of thirty-one states in which Defendant undertook specific commitments concerning the accuracy of its

reporting, including collection reporting, further confirming Defendant's notice of these accuracy obligations.

59. Defendant's failure to detect and prevent the facially contradictory and materially misleading reporting alleged above was a failure to follow reasonable procedures to assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b).

**WILLFULNESS ALLEGATIONS**

60. A defendant willfully violates the FCRA where it acts knowingly or with reckless disregard of its statutory obligations, that is, where its conduct entails an unjustifiably high risk of violating the statute, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58, 69-70 (2007).

61. Defendant ingests, formats, and republishes furnisher data through automated systems that Defendant designed and controls, and the reporting alleged above is the output of those systems.

62. Defendant has known for years, through the Metro 2 Format, through the 2015 Assurance of Voluntary Compliance, and through years of consumer disputes and litigation, that post charge off delinquency reporting, re-aged delinquency patterns, and debt buyer misidentification of original creditors are recurring accuracy failures in consumer reporting.

63. Upon information and belief, Defendant has received repeated complaints from consumers concerning these same categories of inaccurate reporting.

64. Notwithstanding that knowledge and notice, Defendant made a deliberate choice not to implement consistency checks and procedures that would detect and correct such reporting, including in Plaintiff's case after her dispute of the Spring Oaks Collection Tradeline.

65. Upon information and belief, Defendant publishes reporting exhibiting these same defects for thousands of other consumers, such that Defendant's violation is systemic rather than isolated.

66. Defendant's violations of 15 U.S.C. § 1681e(b) were accordingly willful within the meaning of 15 U.S.C. § 1681n or, in the alternative, negligent within the meaning of 15 U.S.C. § 1681o.

## INJURY TO PLAINTIFF

67. Defendant's preparation and furnishing of consumer reports containing the false and materially misleading information alleged above published derogatory and misleading information about Plaintiff, injuring Plaintiff's reputation for creditworthiness in a manner closely related to the harm redressed by the common law tort of defamation.

68. The false pattern of twenty-four consecutive recent ninety day delinquencies on two tradelines presents Plaintiff to every user of Defendant's reports as a consumer in active, ongoing, current default, materially worse than her true history.

69. As a direct and proximate result of Defendant's violations, Plaintiff has suffered damage to her creditworthiness and credit standing as evaluated by users of Defendant's consumer reports.

70. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages including emotional distress, anxiety, frustration, aggravation, embarrassment, and fear of credit denial arising from the knowledge that Defendant is communicating false and materially misleading derogatory information about her.

71. As a further direct and proximate result of Defendant's violations, Plaintiff has lost time and incurred effort addressing Defendant's reporting, including disputing the Spring Oaks Collection Tradeline and reviewing the resulting reporting.

72. Plaintiff's injuries are concrete and particularized, are actual rather than conjectural, and bear a close relationship to harms traditionally recognized as providing a basis for suit in American courts.

## AS AND FOR A FIRST CAUSE OF ACTION

(Willful Violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681n)

73. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

74. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in the consumer reports it prepared, including the false and materially misleading reporting of the JPMCB Tradeline, the Discover Tradeline, and the Spring Oaks Collection Tradeline described above.

75. Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n because Defendant acted knowingly or in reckless disregard of its statutory duties, as alleged above.

76. Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover her actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and her costs together with reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

(Negligent Violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. § 1681o)

77. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

78. In the alternative, Defendant negligently failed to comply with 15 U.S.C. § 1681e(b) as alleged above.

79. As a direct and proximate result of Defendant's negligent noncompliance, Plaintiff suffered actual damages as alleged above.

80. Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover her actual damages and her costs together with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant EQUIFAX INFORMATION SERVICES LLC as follows:

(a) On the First Cause of Action, actual damages or statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3);

(b) On the Second Cause of Action, actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2);

(c) Prejudgment and postjudgment interest to the fullest extent permitted by law; and

(d) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable in this action.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

ELLIOT M. ELO, ESQ., an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106:

1. I am the attorney of record for Plaintiff EVA COLEMAN a/k/a EVA FEDER in the above-captioned action, and I maintain my office in the County of New York, State of New York.

2. I have read the foregoing verified complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

3. This verification is made by me and not by Plaintiff pursuant to CPLR 3020(d)(3) because Plaintiff resides in the County of Kings, which is not the county where I maintain my office.

4. The grounds of my belief as to all matters not stated upon my own knowledge are the documents, records, and file materials maintained in my office concerning this matter, including the consumer file materials referenced in the verified complaint, and communications concerning this matter.

Dated: New York, New York
August 14, 2026

s/ Elliot M. Elo
Elliot M. Elo, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

Index No.: ______________/2026

-against-

EQUIFAX INFORMATION SERVICES LLC,
Defendant.
-------------------------------------------------------------------X

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (described below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@nycourts.gov.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

TO: EQUIFAX INFORMATION SERVICES LLC

c/o Corporation Service Company (NY Registered Agent)
80 State Street
Albany, New York 12207

**State of:** New York
**Court:** Supreme
**County/District:** Kings
**Index No.:** 530659/2026
**Date Filed:**

**Affirmation of Service**

**Plaintiff(s):** EVA COLEMAN A/K/A EVA FEDER

**Defendant(s):** EQUIFAX INFORMATION SERVICES LLC

KYLE WARNER, the undersigned, affirm that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of NEW YORK

On AUGUST 17, 2026 at 3:19PM, I served the SUMMONS & VERIFIED COMPLAINT WITH NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING JURY DEMAND

to **EQUIFAX INFORMATION SERVICES LLC**

at. c/o CSC 80 STATE STREET, ALBANY, NY 12207

in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of said documents to LEGAL REPRESENTATIVE OF CSC, an Authorized Agent. The undersigned asked the recipient if he/she is authorized to accept service on behalf of EQUIFAX INFORMATION SERVICES LLC and received an affirmative reply. An approximate description is as follows:

Gender MALE Race WHITE Hair RED Approx.Age 21 - 35 YRS. Approx.Height 5' 9" - 6' 0"
Approx. weight OVER 200 LBS. Other

I affirm on this day AUGUST 17, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

X
KYLE WARNER

Attorney File # **530659/2026**

2635587